UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MOSHE BURSZTYN           :
                         :
v.                       :     C.A. No. 19-00525-WES
                         :
KAYLA BURSZTYN           :

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination are Plaintiff's Applications to Proceed In forma Pauperis ("IFP") (ECF Nos. 2 and 5) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Applications to Proceed IFP (ECF Nos. 2 and 5) are GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaints sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R.

Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaints as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Plaintiff, a New Jersey resident, initiated this pro se action against his ex-wife, a Rhode Island resident, on October 7, 2019. Since that time, Plaintiff has filed an initial and two amended Complaints. (ECF Nos. 1, 4 and 7).

The following facts are claimed by Plaintiff. He alleges that he and Defendant divorced in June 2015. See Bursztyn v. Bursztyn, 228 N.J. 472, 158 A.3d 567 (N.J. S. Ct. Jan. 17, 2017).

Plaintiff alleges that Defendant "stole my half of the home," owes him half of the money he borrowed for student loans, owes him a "big part of her salary" because he paid for Defendant's college degrees, has "fraudulently" claimed he owes child support, is "illegally restraining [his] children from [him]" and is in "contempt of the rule of court," and owes him $55,000.00 pursuant to some unidentified contract. (ECF No. 7 at p. 4).

These allegations are plainly an attempt by Plaintiff to relitigate or challenge divorce, alimony and custody matters that were or should have been adjudicated in the New Jersey Family Court. This Court has no subject matter jurisdiction over these claims pursuant to the domestic relations exception, and they must be dismissed. See Behroozi v. Behroozi, C.A. No. 15-00536-WES, 2016 WL 8461181, at *2 (D.R.I. Nov. 22, 2016), adopted, 2017 WL 933059 (D.R.I. Mar. 8, 2017). As the First Circuit recently held in Irish v. Irish, the domestic relations exception is "in line with the traditional reluctance of federal courts to sanction federal interference with matters thought to be distinctively local," and is based on the long-settled notion that it "is certain that the Constitution…confers no power whatever upon the government of the United States to regulate marriage in the States or its dissolution." 842 F.3d 736, 740 (1st Cir. 2016) (citing Andrews v. Andrews, 188 U.S. 14, 32 (1903)). Based on these principles, the domestic relations exception divests federal courts of jurisdiction over "[cases implicating] domestic relations issues" that would otherwise meet the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a). Marshall v. Marshall, 547 U.S. 293, 307 (2006) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 701 (1992)). When, as here, the claim at issue seeks "to obtain, alter or end a divorce…decree," and is based on "the allocation of property incident to a divorce," the case falls into the exception and must be dismissed for want of subject matter jurisdiction. Irish, 842 F.3d at 741.

This case also does not survive screening because it is improper for this Court to interfere with any judicial proceedings that may be underway in the state courts of New Jersey. See Younger v. Harris, 401 U.S. 37 (1971). If Plaintiff's divorce proceeding remains pending, the Younger abstention doctrine dictates a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

Moreover, even if the New Jersey state divorce proceedings have now concluded, Plaintiff's Complaints appear to be an improper attempt to have this Court review and overturn rulings made by the New Jersey Family Court. Such an attempt is barred in federal court by the Rooker-Feldman abstention doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."); and Edwards v. Ill. Bd. of Admission, 261 F.3d 723, 728 (7th Cir. 2001) ("federal courts do not have subject matter jurisdiction to review state court civil decisions. Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari.").

**Conclusion**

For the reasons stated, Plaintiff's Motions to Proceed In Forma Pauperis (Doc. Nos. 2 and 5) are GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaints (ECF Nos. 1, 4 and 7) and this case be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2019